UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV- 23562

YURIBEL SOMBERT,
For herself and others similarly situated,

    Plaintiff(s),

vs.

ALLIED HEALTH ORGANIZATION INC,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Yuribel Sombert, for herself and others similarly situated, through her undersigned counsel and sues Defendant, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Yuribel Sombert**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendant.

4.     Plaintiff consents to participate in this lawsuit.

5.     Plaintiff files this case as a formerly-employed front-line COVID-19 worker who worked at the Amelia Earhart Park testing site, who has not gotten paid for her work in weeks, and was then fired as a result of complaining about not getting paid.

6.     Defendant has not timely paid its other workers at Amelia Earhart Park, either.

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

7.  **Defendant, Allied Health Organization Inc**, is a Florida for-profit limited liability corporation that has at all times material conducted its health care and COVID-19 testing business in Florida. Allied Health Organization Inc is *sui juris*. Allied Health Organization Inc identifies its principal place of business as 1401 N.W. 4th Street, Suite B, Sunrise, FL 33325.

8.  Defendant was Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d).

9.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurred within this District – in particular in Miami-Dade County.

10. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.* and supplemental/pendent jurisdiction over the related Florida state law claims.

11. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

12. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Yuribel Sombert, for herself and others similarly situated, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follow:

### *FLSA Jurisdictional Allegations*

13. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

14. Defendant has been at all times material engaged in interstate commerce in the course of its provision of medical care, diagnosis, and treatment.

15. Defendant engage in interstate commerce in the course of its use of motor vehicles, electronic tablets and syringes that were manufactured and/or assembled outside of the State of Florida and maintained with materials and supplies from outside of the State of Florida.

16. Furthermore, Defendant engaged in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

17. Defendant utilized computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

18. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeding $125,000 for each relevant fiscal quarter.

### *Allegations Concerning Plaintiff*

19. Plaintiff worked for Defendant from August 7, 2021 to September 20, 2021.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

21. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant.

22. Plaintiff engaged in commerce in her work in assisting patients who were receiving COVID-19 testing at its Ameila Earhart Park location by regularly and routinely utilizing digital

3

devices – including cellular phones – that regularly and routinely transmitted digital/electronic information to locations/servers outside of the State of Florida in her work for Defendant.

23. Defendant offered to pay an hourly rate of $15/hour Plaintiff for each hour worked.

24. Defendant required Plaintiff to sign in/out for the hours that she spent working.

25. Defendant paid Plaintiff once by check dated August 25, 2021 for work performed through August 22, 2021.

26. Defendant failed and refused to pay Plaintiff for the hours that she worked from August 23, 2021 to September 19, 2021.

27. The federal minimum wage was set at $7.25 per hour at all times material to this action.

28. Defendant's failure to pay Plaintiff for all of the hours he worked from August 23, 2021 to September 19, 2021 violated the FLSA by failing to ensure that Plaintiff received at least a minimum wage for the work she performed during those days.

### *Collective Action Allegations*

29. During the past three years, Defendant employed more than 20 others who assisted patients in checking in / completing paperwork for their COVID-19 appointments.

30. Defendant failed and refused to pay its other similarly situated workers who assisted patients in checking in / completing paperwork for their COVID-19 appointments all of the wages they earned.

31. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly-situated individuals who are part of the following class:

> All persons who worked for, were by employed by, engaged by Allied Health Organization Inc, or who were otherwise employed, hired, or engaged by Allied Health Organization Inc to work at their COVID-19 testing facilities who were paid on an hourly basis at any time

4

during the three years prior and up through the filing of this Complaint, and who were not paid at least the federal minimum wage for all hours worked (by not being paid *at all* for hours/weeks they worked for Defendant).

32. These individuals are referred to as the "FLSA Class", the "Collective", or "FLSA Class Members."

33. The purported Collective includes the workers who assisted patients in checking in / completing paperwork for their COVID-19 appointments who worked for Defendant during the past three years, those who worked at Defendant's COVID-19 testifing facilities and paid on an hourly basis, who were not paid at least the federal minimum wage for all hours, and who were subject to the same pay practices as Plaintiff.

34. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class Defendant's other similarly situated hourly employees.

35. Defendant agreed to pay Plaintiff and the other similarly situated current and former workers of Defendant an hourly rate of pay.

36. The class of similarly situated workers who may become Plaintiffs in this action are current and former hourly workers of Defendant were not paid at least the federal minimum wage for all hours worked.

37. The class of similarly workers of Defendant are readily identifiable from records maintained by Defendant and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiffs.

38. The similarly situated workers are known to Defendant and can be located through Defendant' records.

39. Notice should be sent to the collective pursuant to 29 U.S.C. §216(b).

5

40. Collective Action treatment of Plaintiff's FLSA claim is appropriate because he and the FLSA Class were subjected to the common business practices referenced in this Count, and the success of her FLSA claim depends on the resolution of common issues of law and fact, including, inter alia, whether Defendant's companywide practices resulted in their failing to properly compensate the FLSA Class Members at or above the FLSA minimum wage rate for all hours worked.

41. Defendant engaged in a practice of willfully and intentionally refusing to pay Plaintiff and the class of similarly hourly workers even a minimum wage for all of the hours that they worked during the relevant time period by not paying them *at all* for several weeks of work based on the purported reason that Defendant did not have the money to pay them.

42. Defendant either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and their other similarly situated hourly workers a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

43. Plaintiff and the class of Defendant's other similarly situated workers are entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Yuribel Sombert, demands the entry of a judgment in her favor and against Defendant, Allied Health Organization Inc, after trial by jury, and as follows:

    a. Designating this action as a collective action by Yuribel Sombert on behalf of the Collective she represents pursuant to the Fair Labor Standards Act claims, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

        this Complaint until the expiration of the deadline for filing consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

    b.    Designating Plaintiff as the representative for the Collective;

    c.    Designating the undersigned as counsel for the Collective;

    d.    Awarding Plaintiff and the Collective unpaid minimum wages and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

    e.    Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

    f.    Issuing an injunction prohibiting Defendant from continued unlawful practices, policies and patterns set forth herein;

    g.    Awarding pre-judgment and post-judgment interest as provided by law;

    h.    Awarding reasonable attorneys' fees and costs;

    i.    Declaring Defendant to be in willful violation of the minimum wage provisions of the FLSA; and

    j.    Awarding such other and further relief that this Court deems appropriate.

## COUNT II – BREACH OF CONTRACT
## (AGAINST ALLIED HEALTH ORGANIZATION INC)

Plaintiff, Yuribel Sombert, re-incorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

44.    Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she and the others similarly situated earned, but did not receive, from Defendant, Allied Health Organization Inc.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*,

---

[1]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

45. Plaintiff seeks to certify a Class of the following persons:

All persons who worked for Defendant, Allied Health Organization Inc, within the past two (2) years, who were to be paid on an hourly basis, who worked at one of its COVID-19 testing sites, and who did not receive their wages for the all of the time spent working.

46. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class are Defendant, Allied Health Organization Inc, its officers, managing members, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by this Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with this Defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

47. ***Numerosity.*** The members of the Class are so numerous that joinder of all members would be impracticable. The proposed Class includes at least tens of members, if not more. Though the exact number and identity of Class members is not presently known, they can be identified through the review of records in possession, custody and control of Defendant, Allied Health Organization Inc.

48. ***Commonality and Predominance.*** There are numerous questions of fact and law common to the members of the Class that predominate over individual questions affecting any individual members, including but not limited to: Defendant, Allied Health Organization Inc's defenses, to the extent that any such defenses apply, are commonly and generally applicable to

8

Plaintiff and to the entire Class, and are not distinguishable or applicable against individual members of the proposed Class.

49. ***Typicality.*** The claims of Plaintiff herein are typical of the claims of the members of the Class as a whole: all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendant, Allied Health Organization Inc, as complained of in this class action complaint. The claims of the Plaintiff are typical of the Class because Defendant, Allied Health Organization Inc, subjected all Class members to the same course of conduct (i.e., pay practices or in particular, non-payment practices).

50. ***Adequacy.*** Plaintiff, on behalf of herself and all others similarly situated, will fairly and adequately protect the interests of all members of the Class, and has retained counsel experienced in the prosecution of this type of wage and hour litigation. Neither Plaintiff nor her counsel has any interests that are antagonistic to the Class.

51. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system likely would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

52. Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant, Allied Health Organization Inc. Defendant, Allied Health Organization Inc, acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

53. Notice of a certified class action and any result or resolution of the litigation can be provided to Class members first-class mail, email, by dissemination with the pay stubs of current employees, publication, or such other methods of notice as deemed appropriate by the Court.

54. Plaintiff and Defendant, Allied Health Organization Inc, agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate her at a specific hourly rate for each hour that she worked for it.

55. Defendant, Allied Health Organization Inc, also agreed with each of the similarly situated persons who worked at one of its COVID-19 testing facilities that it would pay each of them an hourly wage in exchange for their performing work on its behalf.

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

56. Plaintiff and the others similarly situated worked under the parties' contract/agreement by performing work for Defendant, Allied Health Organization Inc, at one of its COVID-19 testing sites.

57. Defendant, however, failed and refused to pay Plaintiff and its other similarly situated workers the agreed-upon hourly wages for all of the hours that they worked by paying them at all for the time that they spent working after August 22, 2021.

58. Plaintiff and the class of Defendant, Allied Health Organization Inc's similarly situated workers suffered damages in the form of lost wages – in particular, the difference between their unpaid minimum wages required to be paid by federal law and agreed-upon wages – for the time that they spent attending working.

59. Plaintiff is entitled to recovery, for herself and on behalf of the similarly situated workers, unpaid wages for the unpaid time spent working (above the required federal minimum wage), attorneys' fees pursuant to Fla. Stat. §448.08, costs, and all interest allowed by law.

WHEREFORE Plaintiff, Yuribel Sombert, on behalf of herself and others similarly situated, demands the entry of a judgment in her favor and against Defendant, Allied Health Organization Inc, after trial by jury and as follows:

a. That the Court certify a class action for all similarly situated employees of Defendant, Allied Health Organization Inc, who worked at a COVID-19 testing facility for it within the past two (2) years and who did not receive their wages (above the federal minimum wage) for the time spent during working, appoint Plaintiff to serve as class representative, and appoint the undersigned as class counsel;

b. That the named Plaintiff and all class members who do not opt out of these proceedings recover compensatory breach of contract / wage damages;

11

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

    c. That Plaintiff and the class recover an award of reasonable attorneys' fees, costs, and expenses pursuant to Fla. Stat. §448.08;

    d. That the Defendant, Allied Health Organization Inc, be Ordered to make Plaintiff and all class members who opt in whole by providing appropriate pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    e. All interest allowed by law; and

    f. Such other and further relief as the Court deems just and proper.

### COUNT III – FLSA RETALIATION

Plaintiff, Yuribel Sombert, re-incorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

60. Plaintiff had an exemplary employment history with Defendant.

61. Plaintiff worked her required scheduled and performed all tasks required/requested of her in a satisfactory manner.

62. The problems for Plaintiff started when Defendant failed and refused to pay her at least a minimum wage (or anything at all) for the hours that she worked for it between August 23, 2021 and September 19, 2021.

63. Plaintiff complained to Defendant that it had not paid her "at all" for the hours that she worked between August 23, 2021 and September 17, 2021 – meaning that she complained that she did not receive at least a minimum wage for the hours she worked between August 23, 2021 and September 17, 2021.

64. Defendant acted in a collective, concerted manner to retaliate against Plaintiff by depriving her of further work.

12

65. Defendant responded to Plaintiff that that there was no money to pay her, and that she was being let go because she was not patient about getting paid.

66. Any claimed reason why Defendant terminated Plaintiff's employment is false and a mere pretext for its retaliatory actions.

67. The FLSA, at 29 U.S.C. § 215(a)(3), makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

68. Defendant violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because she repeatedly complained about not being paid at all for the hours she worked between August 23, 2021 and September 17, 2021.

69. By reason of the foregoing acts of Defendant, Plaintiff has suffered damages, including lost income, benefits, and employer contributions.

70. Plaintiff is entitled to recover liquidated damages pursuant to the Fair Labor Standards Act.

71. Plaintiff requests recovery of her attorney's fees and costs associated with this cause of action as provided by 29 U.S.C. § 216(b).

WHEREFORE Plaintiff, Yuribel Sombert, demands the entry of a judgment in her favor and against Defendant, Allied Health Organization Inc, after trial by jury, and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover prejudgment interest if the Court does not award

        liquidated damages;

  c.    That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

  d.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

  e.    That Plaintiff recover all interest allowed by law; and

  f.    Such other and further relief as the Court deems just and proper.

### COUNT IV – FLORIDA WHISTLEBLOWER'S ACT CLAIM

Plaintiff, Yuribel Sombert, re-incorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

72. Plaintiff had an exemplary employment history with Defendant.

73. Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, and so Plaintiff was an employee of Defendant at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

74. Defendant was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendant was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

75. Plaintiff complained to Defendant about her reasonable and good faith belief that it was actually violating her FLSA rights by failing to pay her at least a minimum wage for the time that she spent working between August 23, 2021 and September 17, 2021.

76. Within a short time thereafter, on September 20, 2021, Defendant retaliated against Plaintiff by terminating her employment as a result of her objection(s)/complaint(s) about not being paid at least a minimum wage (at all) for all of the time that she spent working.

14

77. Defendant responded to Plaintiff that that there was no money to pay her, and that she was being let go because she was not patient about getting paid.

78. Any claimed reason why Defendant terminated Plaintiff's employment is false and a mere pretext for its retaliatory actions.

79. Defendant actually violated the FLSA by failing to pay Plaintiff at all (at least a minimum wage) for the hours that she spent working between August 22, 2021 and September 17, 2021.

80. The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

81. Defendant also actually violated the Florida Minimum Wage Act by failing to pay Plaintiff at all for the hours that she spent working between August 22, 2021 and September 17, 2021.

82. The Florida Minimum Wage Act is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

83. Plaintiff objected and/or complained to Defendant about its failure to pay her at least the applicable minimum wage (*i.e.*, "at all") for all of the hours that she spent working between August 22, 2021 and September 17, 2021.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

84. Defendant disregarded the law and retaliated against Plaintiff shortly after she objected/complained about not receiving at least the applicable minimum wage (*i.e.*, "at all") for all of the hours that he spent working between August 22, 2021 and September 17, 2021.

85. By initiating adverse employment actions against Plaintiff as aforesaid, Defendant violated the Florida Whistleblower Act.

86. Plaintiff was damaged and suffered a loss of her job, seniority rights, wages, benefits, and other remuneration as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Yuribel Sombert, demands the entry of a judgment against Defendant, Allied Health Organization Inc, after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Yuribel Sombert, demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of October 2021,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

16

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*